Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Gabriel López Hiraldo<br><br>Peticionario<br><br>vs.<br><br>Hon. Laudelino F. Mulero Clas, en su carácter oficial como presidente de la Comisión Apelativa del Servicio Público; Comisión Apelativa del Servicio Público; Estado Libre Asociado de Puerto Rico<br><br>Recurrido | KLRX202400005 | **Recurso Extraordinario** procedente de Comisión Apelativa del Servicio Público<br><br>Caso Núm.: 2016-02-0772<br><br>2022CA000364<br><br>Sobre: Solicitud de Resolución Final de la Apelación de *Gabriel López Hiraldo v. Negociado de la Policía de Puerto Rico* (Ascenso), Caso Núm. 2016-02-0772 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de abril de 2024.

Comparece ante nos, el señor Gabriel López Hiraldo (en adelante, Sr. López Hiraldo o peticionario), quien presenta auto de *mandamus* en el que nos solicita que ordenemos a la Comisión Apelativa del Servicio Público (en lo sucesivo, CASP o recurrido) a adjudicar el caso de *Sgto. Gabriel López Hiraldo v. Policía de Puerto Rico*, Caso Núm. 2016-02-0772.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El 5 de diciembre de 2015, se administró una prueba para ascenso al rango de Teniente Segundo. Mediante misiva fechada el

8 de diciembre de 2015, se le informó al Sr. López Hiraldo la puntuación obtenida en el examen, la cual no alcanzaba el requisito mínimo de preguntas correctas. Según la carta, el examen tenía una total de 80 preguntas y, aunque el peticionario logró acertar 51 preguntas, la puntuación mínima requerida era de 56 preguntas correctas.

Inconforme, el 29 de diciembre de 2015, el Sr. López Hiraldo presentó una solicitud de revisión ante la Junta de Exámenes para Ascenso. Tras evaluar sus argumentos, el 22 de enero de 2016, la Junta denegó su solicitud de ascenso al rango de Teniente Segundo.

Aún insatisfecho, el 12 de febrero de 2016, el peticionario presentó un escrito de apelación ante la CASP, impugnando la determinación de la Junta. Tras varios incidentes procesales, el 19 de abril de 2022,[1] la CASP emitió una "Resolución y Orden Parcial" declarando en rebeldía al Negociado de la Policía de Puerto Rico, y ordenó la continuación de los procedimientos.

Ante este desenlace, el 23 de mayo de 2022, el Sr. López Hiraldo presentó una "Moción en Solicitud se dicte Sentencia en Rebeldía" y, en esencia, argumentó que, habiéndose decretado la rebeldía del recurrido, y debido a la consecuencia jurídica que ello implica, procedía la corrección del resultado final del examen y, además, su ascenso al rango de Teniente Segundo.

Ante la inacción por parte de la CASP, el 23 de febrero de 2023, el Sr. López Hiraldo presentó un segundo escrito titulado "Moción en Solicitud se dicte Resolución Final en Rebeldía", y reiteró su solicitud original, entiéndase, que se dicte sentencia en rebeldía. Sin embargo, la agencia tampoco se expresó sobre este escrito.

---

[1] Notificada el 26 de abril de 2022.

Por lo anterior, el 20 de marzo de 2024, el Sr. López Hiraldo presentó ante este foro apelativo intermedio un recurso de *mandamus*, y nos solicitó que ordenáramos a la CASP a adjudicar el caso y emitir su resolución final.

Evaluada su petición, el 21 de marzo de 2024, emitimos una "Resolución", y concedimos a la CASP un término para mostrar justa causa. En atención a lo cual, el 1 de abril de 2024, la CASP presentó una "Moción en Cumplimiento de Resolución", e informó que el caso se tornó académico debido a que, el 26 de marzo de 2024,[2] la CASP emitió "Orden" señalando vista en su fondo para el 17 de abril de 2024.

**II.**

**-A-**

En general, los tribunales tienen la obligación y responsabilidad de decidir los casos que se le presentan ante su consideración, incluso aquellos que con gusto evitaría. No obstante, como doctrina de autolimitación y de prudencia en el ejercicio del Poder Judicial, los tribunales solo pueden resolver aquellas controversias que sean justiciables. *Hernández Montañez v. Parés Alicea*, 2022 TSPR 14. El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una

---

[2] Notificada el 27 de marzo de 2024.

controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra,* a la pág. 421.

**-B-**

Un caso académico es aquél mediante el cual "se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente". *E.L.A. v. Aguayo, supra,* a la pág. 584; *Ex parte Steele,* 162 Fed. 694 (1908). Como norma general, los tribunales tienen el deber de resolver los casos y controversias que se presentan ante sí. No obstante, ante un caso académico, los tribunales deberán abstenerse de considerarlo en sus méritos por motivo de autolimitación judicial e imperativo constitucional. *Asoc. de Periodistas v. González,* 127 DPR 704, 719 (1991).

Ahora bien, nuestro Alto Foro ha reconocido una serie de excepciones a la doctrina de academicidad. De esta forma, es posible considerar un caso que, de otro modo, resultaría académico en cuanto a su resultado o efecto inmediato. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 73 (2017). Las excepciones a la academicidad son las siguientes: (1) se trata de una cuestión

recurrente o susceptible de volver a repetirse; (2) cuando la situación de hechos es cambiada por la parte demandada sin visos de permanencia, (3) cuando en un caso se ha certificado por el tribunal una clase, y la controversia se torna académica para un miembro de la clase, mas no así para el representante de la misma, y (4) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. Por tanto, la doctrina de la academicidad no limita nuestras facultades revisoras de forma absoluta, sino que, ante la existencia de alguna de las circunstancias antes mencionadas, el tribunal podrá resolver el caso en sus méritos.

**III.**

Según el trámite procesal reseñado, el Sr. López Hiraldo presentó ante este Tribunal de Apelaciones un recurso de *mandamus*, y solicitó que ordenáramos a la CASP a adjudicar el caso de *Sgto. Gabriel López Hiraldo v. Policía de Puerto Rico*, Caso Núm. 2016-02-0772. Posteriormente, la CASP compareció ante nos, y argumentó que el caso se tornó académico debido a que, el 26 de marzo de 2024,[3] se emitió una "Orden" señalando vista en su fondo para el 17 de abril de 2024.

Como puede observarse, el evento que dio inicio al pleito, o sea, la inacción por parte de la agencia recurrida cesó cuando la CASP señaló vista para atender el asunto en sus méritos. Esto implica que, el auto de *mandamus* presentado por el Sr. López Hiraldo se tornó ineficaz, pues, el fin que pretende lograr este recurso quedó frustrado por la "Orden" emitida el 26 de marzo de 2024.

Ante este cuadro fáctico, es evidente que el *mandamus* ante nuestra consideración se tornó académico. Por ende, debemos abstenernos de considerarlo en sus méritos, y desestimarlo por

---

[3] Notificada el 27 de marzo de 2024.

motivo de autolimitación judicial. *Asoc. de Periodistas v. González, supra*, a la pág. 719.

**IV.**

Por los fundamentos antes expresados, los cuales hacemos formar parte del presente dictamen, desestimamos el auto de *mandamus*, por académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones